UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| DARRELL LEATH, | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:17-cv-38-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RANDALL WEBB, et al., | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*

This matter is set for trial beginning on October 30, 2018. Now before the Court is Defendants' combined Motion in Limine. [DE 39]. Defendant previously moved to exclude multiple items of evidence at trial, including: 1) mention of any insurance available to the Defendants; 2) evidence of Leath's acquittal on the assault charges; 3) evidence of Officer David Duncan's "write-ups" or disciplinary records; 4) evidence of Leath's complaints of psychological injury; and 5) evidence pertaining to taking Leath's preliminary vital signs. [See DE 39, p. 1].

Defendants' Motion in Limine was filed prior to the Court's Memorandum Opinion and Order [DE 63] granting in part and denying in part the Defendants' Motion for Summary Judgment. The Memorandum Order and Opinion granted Defendants' Motion for Summary Judgment on all counts except for Leath's claims of

1

excessive force (Count III), as well as assault (Count IV) and battery (Count V) under Kentucky common law, against Officer Webb for the alleged throat grab. As a result, Officer Webb is the only Defendant remaining in this action. The Plaintiff has responded to the Defendants' combined Motion in Limine [DE 43] and Defendants replied [DE 46]. Having been fully briefed, and the Court being otherwise sufficiently advised, this motion is ripe for review.

**1) Motion to Exclude Evidence of Defendant's Liability Insurance**

Defendants moved to exclude any evidence, reference, or argument, direct or indirect, pertaining to the existence or availability of any liability insurance pursuant to Fed. R. Evid. 411. By its terms, FRE 411 prohibits "[e]vidence that a person was or was not insured against liability . . . ." Fed. R. Evid. 411. Additionally, Leath agrees that "evidence of liability insurance is inadmissible pursuant to FRE 411 . . . ." [DE 43, p. 1]. Accordingly, the motion to exclude any evidence, reference, or argument pertaining any liability insurance available to the Defendants is **GRANTED**.

**2) Motion to Exclude Evidence of Leath's Acquittal on Assault Counts**

Defendants moved to exclude any testimony, evidence, or reference to Leath's acquittal on three counts of Assault in the First Degree. Leath was initially charged with disorderly conduct

2

and public intoxication arising from the arrest at the University of Kentucky Chandler Medical Center, where the alleged throat grab occurred. Leath was charged with Assault in the Third Degree arising from his subsequent interaction with officers at the Fayette County Detention Center and Good Samaritan Hospital. Leath was acquitted on all three counts of Assault in the Third Degree.

The parties' arguments focus on whether evidence of Leath's acquittal is should be excluded based on the substantive counts of false arrest and malicious prosecution. But here, the Court has subsequently granted summary judgment for the Defendants on Leath's claims of false arrest and malicious prosecution. The Court withholds any opinion to the extent that this evidence is presented for another purpose in this matter. As such, the motion to exclude any testimony, evidence, or reference of Leath's acquittal on assault charges is **DENIED AS MOOT**.

**3) Motion to Exclude Evidence of Officer David Duncan's Write-Ups or Disciplinary Records**

Defendants moved to exclude any evidence relating to Officer David Duncan's write-ups and disciplinary record pertaining to his work as a police officer for the University of Kentucky Police Department. All Leath's claims against Officer David Duncan were resolved by the Court's Memorandum Order and Opinion [DE 63]. The parties' arguments in the Motion in Limine and Response focus on

whether this evidence should be excluded based on the substantive claims against Duncan that have since been dismissed.

Still, Duncan is included on both parties' witness lists as a potential witness at trial. [*See* DE 71; DE 78]. The Court withholds any opinion to the extent that this evidence is presented for another purpose in this matter. Thus, at this juncture, the motion to exclude any evidence of Duncan's write-ups or disciplinary records is **DENIED AS MOOT**.

**4) Motion to Exclude testimony, evidence, or reference to Leath's a potential psychological injury**

Defendants moved to exclude any testimony, evidence, or reference to Leath's reported mental health. At his deposition, Leath testified that he had suffered embarrassment and emotional suffering as a result of occurrences on the night of his arrest. [DE 37-1, pp. 85-86]. Leath's testimony about his embarrassment or emotional distress is not specific to the alleged throat grab, however, because Leath asserts that his emotional suffering is a result of multiple instances of conduct taking place throughout his interaction with officers on January 2nd. [*See id.* at 86]. For instance, Leath stated that, "I have issues with the--the officers wanting to touch me and handle me all the time. So of course it is emotional. It's an emotional state to be locked up, period." [*Id.*]. Leath has not submitted any expert medical testimony to support his assertion of emotional injury.

4

Leath agrees that introducing evidence of a diagnosis of post-traumatic stress disorder (PTSD) or other specific mental or emotional disorder would require expert testimony. [See DE 43, p. 5]. Leath argues, however, that lay jurors may determine that specific instances of conduct caused Leath emotional distress. [*See id.*]. Alternatively, Defendants assert that the main problem that Leath has in the present case is proving causation because Leath's alleged emotional distress did not occur because of one specific instance of conduct but instead, as Leath argues, due to multiple instances of misconduct by officers. [*See* DE 46, pp. 2-4; *see also* DE 43, p. 5].

Initially, it is important to note that the scope of this case was substantially limited by the Court's ruling in the Memorandum Order and Opinion. As previously discussed, the only claims remaining are claims of excessive force and assault and battery under state law arising from Webb's alleged grab of Leath's throat and mouth. As such, to recover damages for emotional distress, Leath will have to prove that any alleged damages occurred due to the alleged throat grab.

A plaintiff can recover compensatory damages in the context of a § 1983 excessive force claim only if he can prove proximate cause, or that an actual injury was caused by denial of his constitutional right. *Ealy v. City of Dayton*, No. 95-3969, 1996

WL 724368 at *3 (6th Cir. Dec. 16, 1996); *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

A plaintiff may prove an emotional injury without medical support but "damages for mental and emotional distress will not be presumed, and must be proven by 'competent evidence.'" *Turic v. Holland Hosp., Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996) (quoting *Carey v. Piphus*, 435 U.S. 247, 264 n.20 (1978). To prove an emotional injury without medical support, a plaintiff must bolster their claim of an emotional injury with additional evidence such as physical manifestations of the emotional injury or witness testimony that the plaintiff appeared to suffer from emotional distress. *See Carey v. Piphus*, 435 U.S. 247, 264 n.20 (1978) ("We use the term 'distress' to include mental suffering or emotional anguish. Although essentially subjective, genuine injury in this respect may be evidenced by one's conduct and observed by others."); *Turic*, 85 F.3d at 1215 ("Witnesses testified that Turic was extremely upset and frightened after being discharged, and that she ran from the meeting in tears. . . . Further, Turic testified that she continued to suffer nightmares, weight loss during her pregnancy, and excessive nervousness."); *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994) ("[Plaintiff's] psychological injuries had physical effects: he lost 10 pounds and suffered from insomnia. He also experienced stomach problems for which he was prescribed medication."). Thus, in the absence of

medical evidence, a plaintiff must present proof of physical manifestations of their emotional injury.

Additionally, in order for lay jurors to be able to understand and observe a plaintiff's emotional injury without expert medical testimony or medical evidence, the alleged emotional injury must arise from a "single, concrete incident from which [the] plaintiff[] can trace [his] alleged injuries." *Kovacic v. Ponstingle*, No. 1:05-cv-2746, 2014 WL 4715859, at *4 (N.D. Ohio Sept. 22, 2014). Otherwise, lay jurors will have difficulty determining to what extent a plaintiff was harmed by a particular injury. *See Romaine v. St. Joseph Health Sys.*, 541 F. App'x 614 (6th Cir. 2013); *Rodgers v. Fisher Body Div., General Motors Corp.*, 739 F.2d 1102, 1108 (6th Cir. 1984); *Myers v. Illinois Ctr. R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010) ("[W]hen there is no obvious origin to an injury and it has 'multiple potential etiologies, expert testimony is necessary to establish causation'") (quoting *Willis v. Amerada Hess Corp.*, 379 F.3d 32, 46–47 (2d Cir. 2004)).

Here, the issue with Leath's claim that he suffers from psychological injury is problematic because he cannot establish that the alleged throat grab by Officer Webb caused his psychological or emotional injuries. Leath argues that the present case is distinguishable from *Kovacic* because the jury can obviously observe that "being choked, held against his will while [being] examined without his consent, and falsely charged with three

7

felonies, caused him emotional distress." [*See* DE 43, p. 5]. The issue, of course, is that now only one of those actions, the alleged throat grab and choking, is relevant to this case. Thus, assuming for the sake of argument that Leath can establish emotional injuries, without medical expert testimony, it will be difficult for a lay jury to determine to what extent his emotional injuries were caused by the throat grab, as opposed to the incident at Good Samaritan, or something unrelated to this case altogether. Ultimately, there are multiple potential causes for Leath's alleged emotional injuries and expert medical testimony is required to demonstrate that Leath suffered emotional distress as a result of the alleged throat grab that is relevant to this case.

Leath's assertion that he suffered from psychological injury or emotional distress as a result of the throat grab without any evidence of physical manifestations of emotional injury or supporting witness testimony is not a matter of common knowledge that lay jurors can consider without expert medical testimony. As such, the motion to exclude any testimony, evidence, or reference to Leath's reported mental health or any specific mental or emotional disorders is **GRANTED**.

> **5) Motion to Exclude Evidence Pertaining to Taking Leath's Vital Signs at the University of Kentucky Good Samaritan Hospital**

Defendants moved to exclude any evidence pertaining to the taking of Leath's vital signs. All claims brought by Leath against

8

nurses at the University of Kentucky Good Samaritan Hospital arising from taking his vital signs were resolved in the Court's Memorandum Order and Opinion [DE 63]. Furthermore, the alleged throat grab that is relevant to the remaining claims occurred well before Leath was taken to Good Samaritan. Thus, the motion to exclude any evidence pertaining to taking Leath's vital signs is **DENIED AS MOOT**.

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

1) The motion to exclude any evidence, reference, or argument pertaining to any liability insurance available to the Defendants is **GRANTED**;

2) The motion to exclude any testimony, evidence, or reference of Leath's acquittal on assault charges is **DENIED AS MOOT**;

3) The motion to exclude any evidence of Officer David Duncan's write-ups or disciplinary records is **DENIED AS MOOT**;

4) The motion to exclude any testimony, evidence, or reference to Leath's reported mental state or psychological injury is **GRANTED**; and

5) The motion to exclude any evidence pertaining to taking Leath's preliminary vital signs at the University of Kentucky Good Samaritan Hospital is **DENIED AS MOOT**.

This the 17th day of September, 2018.


Signed By:
*Joseph M. Hood*
Senior U.S. District Judge