UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| DARRELL LEATH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:17-cv-38-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RANDALL WEBB, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*

Plaintiff Darrell Leath objected to the inclusion of multiple exhibits listed on Defendant Webb's exhibit list [DE 72]. The only objection remaining after the final pretrial conference is an objection to the introduction of an Offender Index as an exhibit that contains Leath's prior criminal history. [*See* DE 85]. Specifically, Webb intends to introduce a prior conviction for manslaughter for impeachment. But because more than ten years have passed since Leath's release from custody and truthfulness is not an element of the offense of manslaughter, Leath's objection to the inclusion of the Offender Index [DE 37-5] is **SUSTAINED**.

This matter is set for trial beginning on October 30, 2018. The parties have briefed their arguments pertaining to objections to certain exhibits. [*See* DE 87; DE 88]. Additionally, the parties provided oral argument on the objections to certain

1

exhibits at the final pretrial conference. [DE 89]. As such, this matter is ripe for review.

Federal Rule of Evidence 609(b) limits the use of evidence of a prior conviction for impeachment, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." "[E]vidence of convictions more than ten years old should be admitted 'very rarely and only in exceptional circumstances.'" *United States v. Sloman*, 909 F.2d 176, 180 (6th Cir. 1990) (quoting *United States v. Sims*, 588 F.2d 1145, 1149 (6th Cir. 1978)).

Leath was convicted of manslaughter in the second degree on June 24, 1999. He was released from incarceration in May 2005. Thus, nineteen years have passed since Leath was convicted and thirteen years have passed since Leath was released from custody on the manslaughter conviction. Thus, more than ten years have passed since both the date of conviction and the date of release from confinement.

Additionally, Leath was not convicted of a crime involving dishonesty or false statements. To be guilty of manslaughter in the second degree, a defendant must have "wantonly cause[d] the death of another person . . . ." KRS § 507.040. The elements of manslaughter in the second degree under Kentucky law do not involve proof of dishonesty, false statements, or untruthfulness.

Thus, the Court must determine whether the probative value of the evidence substantially outweighs its prejudicial effects. FRE 609(b)(1); *United States v. Peatross*, 377 F. App'x 477, 489 (6th Cir. 2010). Courts weigh the following factors when making a decision on whether to admit evidence under FRE 609(b): "(1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness's subsequent history, (3) the similarity between the earlier crime and the charged offense, (4) the importance of the defendants' testimony, and (5) the centrality of the credibility issue." *Sloman*, 909 F.2d at 181 (citing *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)).

First, proof of the prior conviction has little impeachment value. This matter is a civil case for excessive force and state law assault and battery. Leath's criminal conviction for manslaughter is not relevant and does little to inform the jury about Leath's character for truthfulness. In fact, the Offender Index would primarily serve as inadmissible character evidence that would likely distract the jury from the main issue at hand. Ultimately, the fact that proof of the prior conviction does little to inform the jury of Leath's character for truthfulness weighs against admission of the exhibit.

Second, Leath's conviction and subsequent release from custody for manslaughter were over nineteen and thirteen years ago

3

respectively. Thus, the fact that the conviction was nearly two decades ago weighs against admission.

Third, there is no similarity between Leath's conviction for manslaughter and this case. Leath's manslaughter conviction is a criminal matter under state law. Alternatively, the current matter is a civil action in federal court for excessive force and state law assault and battery. Thus, the lack of similarity between the two matters weighs against admission.

Fourth, Leath's testimony is important to this trial as he is the alleged victim of excessive force and assault and battery by a police officer. Still, the incident of the alleged throat grab, and the events leading up to the incident, are captured on the officers' body cameras. As such, while Leath's testimony is important to this case, the jury can view videos of the events leading up to and including the alleged throat grab and can make an independent determination about Leath's credibility based on the videos and other evidence that will be introduced at trial.

Fifth, and finally, the credibility of Leath's testimony pertaining to the alleged throat grab is not central for reasons already discussed. The events that give rise to this case are captured on the officers' body cameras. Leath's testimony is more important to the issue of the damages he allegedly suffered than it is to the events that led up to the alleged throat grab. As

4

such, considering the video evidence, Leath's credibility as a witness is not a central issue to the trial.

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

1) The objection to the inclusion of the Offender Index as an exhibit at trial [*See* DE 85] is **SUSTAINED**;

2) This Order only pertains to the Offender Index exhibit and has no effect upon the other evidentiary rulings made by the Court.

This the 25th day of September, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge